Scott M. Riemer (SR 5005)
**RIEMER & ASSOCIATES, LLC**
60 East 42nd Street, Suite 1750
New York, NY 10165
Telephone:      (212) 297-0700
sriemer@riemerlawfirm.com

Lisa S. Kantor, Esq. State Bar No. 110678
**KANTOR & KANTOR, LLP**
19839 Nordhoff Street
Northridge, CA 91324
Telephone:      (818) 886-2525
lkantor@kantorlaw.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| ARIEL F., | ) |
| | ) |
| Plaintiff, | ) 14-CV-03801 ( RA )(FM) |
| | ) |
| | ) |
| | ) COMPLAINT |
| -against- | ) |
| | ) |
| | ) |
| INSIGHT VENTURE MANAGEMENT LLC and | ) ECF Case |
| CIGNA HEALTH AND LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

-------------------------------------------------------------------X

Plaintiff, Ariel F., herein sets forth the allegations of her Complaint against Defendants Insight

Venture Management LLC and CIGNA Health and Life Insurance Company.

## PRELIMINARY ALLEGATIONS

1.      This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee

Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for

employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is

predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of a healthcare benefit plan, enforcing Plaintiff's rights under the terms of a healthcare benefit plan, and to clarify Plaintiff's rights to future benefits under the healthcare benefit plan administered by Defendants. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, and attorneys' fees and costs.

2.      Plaintiff, Ariel F., is a resident of New York City, State of New York.  Plaintiff is informed and believes that Defendant Insight Venture Management LLC (the "Plan") is a healthcare benefit plan regulated by ERISA, pursuant to which Plaintiff is entitled to health insurance benefits.  At all times herein mentioned, Plaintiff was a covered beneficiary under the terms and conditions of the Plan.

3.      Plaintiff is informed and believes that Defendant CIGNA Health and Life Insurance Company ("CIGNA") issued a policy to insure medical coverage under the Plan.

4.      Plaintiff is informed and believes that CIGNA Behavioral Health, Inc., acted as the claims administrator and ERISA fiduciary with respect to behavioral health claims and appeals at issue in this action.  Plaintiff is further informed and believes CIGNA Behavioral Health, Inc., is the agent of CIGNA.

5.      Plaintiff is informed and believes that Defendants are doing business in this judicial district. The medical claims at issue herein were specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

## Factual Background

6.      Ariel is a 19-year old young woman who suffers from major depressive disorder, generalized anxiety disorder, eating disorder not otherwise specified ("EDNOS"), orthostasis, obsessive

compulsive disorder ("OCD"), and has a history of anorexia nervosa.

### Rosewood Ranch: 08/06/2010 – 11/01/2010

7.     Ariel received treatment at Rosewood Ranch ("Rosewood") in Arizona at the residential and partial hospitalization levels of care between August 6, 2010 and November 1, 2010. She was diagnosed with anorexia nervosa, major depression, generalized anxiety disorder, malnutrition, and amenorrhea.

8.     By letter dated August 9, 2010, CIGNA denied Ariel's request for residential treatment. Rosewood filed an expedited appeal, but the denial was upheld by letter dated August 10, 2010.

9.     CIGNA approved partial hospitalization treatment for Ariel as of August 11, 2010. However, by letter dated September 20, 2010, CIGNA denied further partial hospitalization treatment as of September 18, 2010.

10.     Rosewood, on behalf of Ariel, filed an expedited first-level appeal. The appeal was denied by letter dated September 21, 2010.

11.     Rosewood filed a second-level appeal. CIGNA upheld its denial by letter dated January 21, 2011. Ariel discharged on November 1, 2010.

### Timberline Knolls: 03/08/2011 – 06/06/2011

12.     Ariel received treatment at the Timberline Knolls Residential Treatment Center ("Timberline") in Illinois between March 8, 2011 and June 6, 2011.

13.     CIGNA initially approved coverage for residential treatment from March 8, 2011 through April 4, 2011. However, by letter dated April 5, 2011, CIGNA denied coverage for further residential treatment and concluded that Ariel could be effectively treated at the partial hospitalization level of care. The denial letter stated that the decision was based upon "CIGNA Behavioral Health's Level of Care Guidelines for Residential Treatment – Substance Abuse." Ariel was receiving treatment for her eating disorder and depression, not substance abuse.

3

14.     Ariel stepped down to the partial hospitalization level of care and CIGNA approved coverage from April 5, 2011 through April 28, 2011.  However, by letter dated May 2, 2011, CIGNA issued a "Final Adverse Determination of Level 1 Expedited Medical Necessity Appeal" for dates of service between April 29, 2011 and June 6, 2011, Ariel's discharge date.

### The Menninger Clinic:  09/20/2011 – 10/19/2011

15.     Ariel received treatment at The Menninger Clinic ("Menninger") in Texas at the inpatient level of care between September 20, 2011 and October 19, 2011.  She transferred to Menninger directly from Rosewood, where she had been receiving inpatient treatment since August 17, 2011.  Her treatment team decided that Ariel's co-morbid psychiatric disorders necessitated a comprehensive psychiatric evaluation at Menninger.

16.     CIGNA initially denied Ariel's claim for inpatient treatment at Menninger by letter dated September 22, 2011 using "Child and Adolescent Acute Psychiatric Hospitalization" criteria.  However, the very next day, CIGNA issued an approval letter for the requested inpatient treatment at Menninger based on "Inpatient Hospitalization for Eating Disorders."  CIGNA covered Ariel's inpatient treatment at Menninger from September 20, 2011 through September 28, 2011.

17.     By letter dated September 29, 2011, CIGNA denied coverage for further inpatient treatment at Menninger.  This time, the decision was based on "Child/Adolescent Acute Psychiatric Hospitalization" criteria.

18.     On September 26, 2012, Ariel's prior counsel submitted a first-level appeal to CIGNA regarding CIGNA's denial of coverage for Ariel's inpatient treatment at Menninger from September 29, 2011 through her discharge on October 19, 2011.

19.     By letter dated November 27, 2012, CIGNA upheld its denial based on "Inpatient Treatment for Eating Disorders" criteria.  Ariel was given the option of pursuing a second-level appeal by writing to CIGNA "within 365 days of *receipt* of this letter." (emphasis added).  This is consistent

4

with the Plan language, which states that "[t]o initiate an appeal, you must submit a request for an appeal in writing within 365 days of *receipt* of a denial notice." (emphasis added). Ariel received the letter in the normal course of mail delivery, several days after the date on the letter.

20.     On November 27, 2013, counsel submitted a second-level appeal on Ariel's behalf for her inpatient treatment at Menninger for dates of service September 29, 2011 through October 19, 2011. The appeal included over 400-pages of medical records and explained in detail why Ariel's treatment at Menninger was medically necessary.

21.     By letter dated December 13, 2013, CIGNA stated that it received the second-level appeal on December 2, 2013, and denied the appeal because "the second appeal request was not received within the indicated appeal filing limit." CIGNA's letter incorrectly stated that "[t]he last adverse determined [sic] was on October 26, 2012." The letter also stated that the appeal must be received "within 365 days, or longer as defined in your benefit plan, from the date on this [original denial] letter," and denied the claim "as untimely from the date of the last denial letter."

22.     On December 23, 2013, counsel wrote to CIGNA to correct the errors in the December 13, 2013 denial letter. The December 23, 2013 letter noted that the last adverse benefit determination was contained in CIGNA's November 27, 2012 letter, and not the October 26, 2012 letter. The letter also highlighted the fact that the appeal was simply due within 365 days of the receipt of the denial letter, not within 365 days of the date of the denial letter. Moreover, the letter pointed out that CIGNA's December 13, 2013 denial letter was not received in counsel's office until December 23, 2013, demonstrating the amount of time it takes for mail correspondence to reach its destination. The letter asked that CIGNA reconsider its decision to deny the appeal based on its erroneous claim of untimeliness and review the appeal on the merits.

23.     CIGNA did not respond to the December 23, 2013 letter.

## Rosewood Ranch: 10/20/2011 – 01/09/2012

24.     After discharging from Menninger, Ariel readmitted to Rosewood on October 20, 2011 at the partial hospitalization level of care where she remained until her discharge on January 9, 2012. In a series of letters, Ariel's partial hospitalization treatment at Rosewood was authorized through November 3, 2011.

25.     By letter dated November 4, 2011, CIGNA denied authorization for further partial hospitalization treatment at Rosewood as of November 4, 2011.

26.     On September 26, 2012, Ariel's prior counsel submitted a first-level appeal to CIGNA regarding its denial of coverage benefits for Ariel's partial hospitalization treatment at Rosewood from November 4, 2011 through her discharge on January 9, 2012.

27.     By letter dated November 27, 2012, CIGNA upheld its denial. Ariel was given the option of pursuing a second-level appeal by writing to CIGNA "within 365 days of *receipt* of this letter." (emphasis added). This is consistent with the Plan language, which states that "[t]o initiate an appeal, you must submit a request for an appeal in writing within 365 days of *receipt* of a denial notice." (emphasis added). Ariel received the letter in the normal course of mail delivery, several days after the date on the letter.

28.     On November 27, 2013, counsel submitted a second-level appeal on Ariel's behalf for her partial hospitalization treatment at Rosewood for dates of service November 4, 2011 through January 9, 2012. The appeal included over 1,100-pages of medical records and explained in detail why Ariel's treatment at Rosewood was medically necessary.

29.     By letter dated December 13, 2013, CIGNA stated that it received the second-level appeal on December 2, 20013, and denied the appeal because "the second appeal request was not received within the indicated appeal filing limit." CIGNA's letter incorrectly stated that "[t]he last adverse determined [sic] was on October 26, 2012." The letter also stated that the appeal must be

6

received "within 365 days, or longer as defined in your benefit plan, from the date on this [original denial] letter," and denied the claim "as untimely from the date of the last denial letter."

30.     On December 23, 2013, counsel wrote to CIGNA to correct the errors in the December 13, 2013 denial letter.  The December 23, 2013 letter noted that the last adverse benefit determination was contained in CIGNA's November 27, 2012 letter, and not the October 26, 2012 letter.  The letter also highlighted the fact that the appeal was simply due within 365 days of the receipt of the denial letter, not within 365 days of the date of the denial letter.   Moreover, the letter pointed out that CIGNA's December 13, 2013 denial letter was not received in counsel's office until December 23, 2013, demonstrating the amount of time it takes for mail correspondence to reach its destination.  The letter asked that CIGNA reconsider its decision to deny the appeal based on its erroneous claim of untimeliness and review the appeal on the merits.

31.     By letter dated January 24, 2014, CIGNA upheld its denial based on the exact same reasons set forth in its previous letter.  CIGNA denied the appeal because "the second appeal request was not received within the indicated appeal filing limit."  CIGNA acknowledged that the date of the last adverse benefit determination was November 27, 2012, but maintained that the appeal must have been received within 365 days "from the date of the last denial letter."

32.     On February 5, 2014, counsel wrote to CIGNA to correct the errors in the January 24, 2014 letter.  Counsel informed CIGNA that it was misquoting its own denial letter and ignoring the Plan language, which clearly stated that Ariel had 365 days from the *receipt* of her denial letter within which to submit her appeal, not 365 days from the date of the denial letter.  The letter also explained that the January 24, 2014 letter was not received until February 3, 2014, demonstrating the amount of time it takes for mail correspondence to be received.

33.     By letter dated February 21, 2014, which was not received until March 3, 2014, CIGNA declined to review its decision.

**Avalon Hills:  03/18/2013 – 09/03/2013**

34.     Ariel received treatment at the Avalon Hills Residential Eating Disorders Program ("Avalon Hills") in Utah between March 18, 2013 and September 3, 2013.  She was diagnosed with EDNOS, major depressive disorder, generalized anxiety disorder, and OCD.  Ariel was treated at the residential treatment level of care until July 5, 2013, when she transitioned to the partial hospitalization program until her discharge.

35.     CIGNA initially approved coverage for residential treatment through April 16, 2013. CIGNA denied further coverage, and Avalon Hills filed an expedited first-level appeal on behalf of Ariel.  By letter dated April 19, 2013, CIGNA denied coverage for further residential treatment.

36.     Avalon Hills submitted a second-level appeal on Ariel's behalf for dates of service April 16, 2013 through July 4, 2013.

37.     By letter dated August 29, 2013, CIGNA upheld its denial of coverage for Ariel's residential treatment at Avalon Hills between April 16, 2013 and July 4, 2013.  CIGNA did authorize coverage for Ariel's PHP treatment at Avalon Hills between July 5 and September 3, 2013.

## FIRST CAUSE OF ACTION AGAINST
## INSIGHT VENTURE MANAGEMENT LLC AND CIGNA
## FOR DENIAL OF BENEFITS

38.     Defendants wrongfully denied Plaintiff's claims for coverage medical services rendered, in the following respects:

(a)     Failure to pay medical benefits to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b)     Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for medical benefits;

8

(c)     After Plaintiff's claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claims along with an explanation of why such material is or was necessary;

(d)     Failure to properly and adequately investigate the merits of Plaintiff's medical claims and/or provide alternative courses of treatment.

39.     Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's claims for medical benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

40.     Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff performed all duties and obligations on Plaintiff's part to be performed.

41.     As a proximate result of the denial of medical benefits due Plaintiff, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

42.     As a further direct and proximate result of this improper determination regarding Plaintiff's medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

43.     Due to the wrongful conduct of the Defendants, Plaintiff is entitled to enforce her rights under the terms of the plan and to clarify her right to future benefits under the terms of the plan.

## SECOND CAUSE OF ACTION AGAINST
## INSIGHT VENTURE MANAGEMENT LLC AND CIGNA
## <u>FOR EQUITABLE RELIEF</u>

44.     Plaintiff refers to and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45.     As a direct and proximate result of the failure of the Defendants to pay claims for medical benefits for Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a)     Restitution of all past benefits due to Plaintiff, plus prejudgment and post judgment interest at the lawful rate;

(b)     A mandatory injunction requiring Defendants to immediately qualify Plaintiff for medical benefits due and owing under the Plan, and;

(c)     Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a participant under the Plan.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.     Payment of health insurance benefits to the Plaintiff under Plaintiff's medical coverage under the Plan;

2.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3.     Payment of prejudgment and post judgment interest as allowed for under ERISA; and

4.     For such other and further relief as the Court deems just and proper.

DATED:  New York, New York
        May **23**, 2014

                           RIEMER & ASSOCIATES LLC
                           Attorneys for Plaintiff
                           60 E. 42nd Street, Suite 1750
                           New York, New York 10165
                           (212) 297-0700
                           sriemer@riemerlawfirm.com

                           By: _____
                                Scott M. Riemer (SR5005)